# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DORSEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:11CV00043 ERW |
| BROOK KURTH, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael Dorsey (registration no. 521039), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.65. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $63.25, and an average monthly balance of $32.70. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.65, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at the Missouri Eastern Correctional Center ("MECC"), brings this action under 42 U.S.C. §1983. Named as Defendant is Brook Kurth, Trainee at Missouri Department of Corrections.

Plaintiff alleges that Defendant violated his right to privacy during a privileged telephone call between Plaintiff and his attorney. Plaintiff claims that Defendant deviated from established policy at MECC when he sat in on a telephone call between Plaintiff and his attorney. Plaintiff asserts that despite his protests, he had no power to contest Defendant's presence at the time. Additionally, it was imperative that the

telephone call proceed at that time, as Plaintiff and his attorney were discussing a hearing regarding Plaintiff's disability claim which was set to take place three days later.

Plaintiff also claims that Defendant further violated his rights to privacy by divulging the details of the conversation between Plaintiff and his attorney to the hearing body in Plaintiff's social security claim. Additionally, Plaintiff asserts that Defendant represented himself as a "case worker" when in fact he was a Correctional Service Trainee.

Plaintiff further alleges that the information that Defendant presented was proven to be untrue, and that it created an impartial hearing for Plaintiff. Plaintiff believes that Defendant's defamatory statements were a major consideration in his denial of social security benefits.

Plaintiff brought these exact allegations in <u>Dorsey v. Kurth</u>, 2:09CV42 ERW (E.D. Mo.). In that case, the Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claim with prejudice. Subsequently, Plaintiff appealed, and the 8th Circuit Court of Appeals affirmed.

## Discussion

"[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action.

Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the same cause of action." Robbins v. District Court of Worth County, Iowa, 592 F.2d 1015, 1017 (8th Cir. 1979).

Because the issues in this case were previously litigated and ruled on the merits, this action is barred by res judicata.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because it is frivolous.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 25th day of July, 2011.

                                                                                    /s/ E. Richard Webber
                                                                                    E. RICHARD WEBBER
                                                                                    SENIOR UNITED STATES DISTRICT JUDGE